UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

VANTAGE HOSPITALITY
GROUP, INC., a Florida corporation,

    Plaintiff,

v.

Mans Investments Broward County LLC, a
Florida limited liability corporation; Nishi
Mallick; and, Shreya Mallick

    Defendants.
_____/

**COMPLAINT FOR COMPENSATORY DAMAGES, TREBLE DAMAGES,
INJUNCTIVE RELIEF, AND ATTORNEY FEES**

Plaintiff, VANTAGE HOSPITALITY GROUP, INC. ("Vantage"), through their attorneys file this Complaint against Defendant MANS INVESTMENTS BROWARD COUNTY LLC ("Defendant MANS"), Nishi Mallick, and Shreya Mallick ("Defendants MALLICK") (Defendant Mans and Defendants Mallick are collectively, "Defendants"), and state:

**INTRODUCTION**

1. This action arises from Defendants' infringement and counterfeiting of Plaintiff Vantage's registered AMERICA'S BEST INN service marks. In this action, Plaintiff seeks compensatory damages, treble damages, injunctive relief and attorneys' fees against Defendants for violations of the federal Lanham Act (Counts I, II and III).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of this action pursuant to 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1121; 28 U.S.C. § 1331; and 28 U.S.C. §§ 1338(a) and 1367, because this case involves a federal question arising under the Lanham Act, 15 U.S.C. § 1051, et seq.

3. Personal jurisdiction and venue are proper in this Court because: (a) upon information and belief, Defendants reside in this District, as that term is defined in 28 U.S.C. § 1391(c), because Defendants promote and market the services of Defendant MANS in this District in violation of the Lanham Act and thereby are subject to personal jurisdiction in this District, 28 U.S.C. § 1391(b)(1); (b) because Defendants maintain their principal place of business in this district by operating a hotel with a physical address located in this district; and (c) Plaintiff is situated in this District, and is being harmed in this District by the infringing conduct of Defendants, 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Vantage is a corporation organized under the laws of the State of Florida, having its principal place of business at 3300 N. University Drive, Suite 500, Coral Springs, Florida 33065.

5. Defendant MANS is a limited liability corporation organized and doing business under the laws of the State of Florida, having its principal place of business at 4211 N. Federal Highway, Pompano Beach, Florida 33064.

6. The MALLICK Defendants, individuals, manage Defendant MANS, and are directly responsible for causing Defendant MANS to engage in the infringing activities set forth in Counts I, II and III.

**PLAINTIFF'S RIGHTS IN THE MARKS**

7.  Plaintiff Vantage owns the following U.S. Service Mark Registrations:

| Registration Number | Mark | Services |
| --- | --- | --- |
| 2,875,693 | AMERICA'S BEST INNS & SUITES | Hotel and motel services. |
| 2,877,997 | AMERICA'S BEST INNS | Hotel and motel services. |
| 2,880,406 | AMERICA'S BEST INN | Hotel and motel services. |
| 3,081,844 | AMERICA'S BEST INN & SUITES | Hotel and motel services. |

Collectively, the above marks comprise the "Marks." (*See* U.S. Registration Certificates for the Marks, Attached hereto as "Composite Exhibit A").

8.  Plaintiff Vantage is the owner of all rights in and to the Marks. Plaintiff Vantage, by itself and through its predecessor, has used the Marks continuously in interstate commerce since at least as early as May 19, 2004 in connection with various hospitality services, including, but not limited to, hotel and motel services, and the Marks continue in use today to identify such services.

9.  Plaintiff Vantage advertises and sells its hospitality services under the Marks throughout the United States, including, but not limited to, Florida and this District. Because of the long and continuous use of the Marks in commerce, including advertising and provision of services under the Marks, consumers throughout the United States have come to recognize the Marks as symbols of the services offered by Plaintiff Vantage under the Marks.

**THE FRANCHISE PROGRAM OFFERED BY VANTAGE**

10.  Plaintiff Vantage operates a franchise program under its "AMERICA'S BEST INN" brand (the "Program") under which providers of hospitality services receive from Plaintiff Vantage a license to use the Marks in connection with hospitality services, as well as other

3

benefits, in exchange for payments and compliance with other covenants, such as maintaining a certain level of quality of the hospitality accommodations offered in connection with the Marks.

11.   Upon information and belief, through a license agreement dated November 10, 2009 (the "License Agreement"), Plaintiff Vantage's predecessor granted Defendants a license to use the Marks at their hotel property located at 4211 N. Federal Highway, Pompano Beach, Florida 33064 (the "Property").

12.   After entering into the License Agreement for the Property, Defendants used the Marks, including displaying one or more of the Marks on signs in connection with offering and providing hospitality services at the Property.

13.   By letter dated May 21, 2014 (the "2014 Letter"), Plaintiff (through its predecessor) notified Defendants of the impending termination of the License Agreement, effective June 5, 2014.  The 2014 Letter referenced that the License Agreement between the parties would be terminated and stated the procedures for termination, as well as referencing Defendants' post-termination obligations.  Thus, it was evident that upon termination of the License Agreement, Defendants were to cease and desist from using Plaintiff's intellectual property and de-identify the Property to ensure that it was no longer identified by the Marks. (*See* 2014 Letter, attached hereto as "Exhibit B.")

14.   Upon information and belief, the License Agreement was subsequently terminated and Defendants were obligated to remove any instance of the Mark from the Property.

15.   Subsequently, Plaintiff Vantage Hospitality Group, Inc. acquired the intellectual property rights regarding the Program, including the Marks.

16.   By letter dated August 13, 2015 (the "2015 Letter") Vantage again notified Defendants that their use of the Marks was unauthorized and reiterated the demands of the 2014

Letter, including that Defendants cease and desist from further use of the Marks. (*See* 2015 Letter, attached hereto as "Exhibit C.")

17. On or about August 14, 2015 a Vantage employee visited and took photos of the Property, which show that the Property had still not been properly de-identified despite Defendants no longer being authorized to use the Marks:




18. Defendants continue to use the Marks in connection with offering and providing hospitality services at the Property. In particular, Defendants continue to display one or more signs, furniture, or fixtures bearing the Marks at the Property without Plaintiff's authorization, and continue to answer the phone the phone identifying the Property as an America's Best Inn location.

19. Defendants' use of the Marks has caused or will likely cause confusion in the marketplace. Defendants' use of the Marks has caused or will likely cause confusion, mistake or deception with respect to the association of Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants services by Plaintiff. Further, Defendants use of the

5

Marks in commercial advertising and promotion misrepresents the nature, characteristics, qualities and origin of Defendants' services.

20. At all relevant times, Defendants MALLICK have directly controlled the continued unauthorized use of the Marks by Defendant MANS, and have directed, participated in, ratified, or otherwise assisted the unauthorized, and hence infringing, use of the Marks. As the active moving force behind Defendant MANS' infringement, Defendants MALLICK, individually, are jointly and severally liable for Defendant MANS' infringement.

21. Plaintiff has been, and continues to be, injured by Defendants' unauthorized and unlawful use of the Marks. Defendants' use of the Marks has caused, and continues to cause, irreparable harm to Plaintiff and Plaintiff's goodwill and reputation under the Marks.

## COUNT I

## INFRINGEMENT OF FEDERALLY REGISTERED SERVICE MARKS
## (15 U.S.C. § 1114)

**(ALL DEFENDANTS)**

22. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendants have infringed Plaintiff's rights in the Marks in violation of 15 U.S.C. § 1114.

24. Given the notice provided to Defendants by Plaintiff, such activities are, and remain, with full knowledge of Plaintiff's rights, willful and intentional.

25. These willful and intentional acts of infringement have caused and are causing great and irreparable injury and damage to Plaintiff's business and goodwill and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury and damage, leaving Plaintiff with no adequate remedy at law.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a)     a temporary and permanent injunction enjoining Defendants, their officers, directors, servants, agents, employees, attorneys and representatives, and each of them, and those parties acting in concert or participating with them, from using any more marks confusingly similar to the Marks in connection with the advertising or sale of their services;

(b)     an accounting of profits Defendants have wrongfully obtained from their use of the Marks, 15 U.S.C. § 1117(a);

(c)     compensatory damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a); and

(d)     such other relief as this Court deems proper.

## COUNT II

## COUNTERFEITING OF FEDERALLY REGISTERED SERVICE MARKS
## (15 U.S.C. § 1114(1))

**(ALL DEFENDANTS)**

26.     Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

27.     This is an action for counterfeiting of a federally registered marks under 15 U.S.C. § 1114(1). Defendants' continued unauthorized use of the identical Marks constitutes counterfeiting as defined by 15 U.S.C. § 1116(d)(1)(B).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a)     a temporary and permanent injunction enjoining Defendants, their officers, directors, servants, agents, employees, attorneys and representatives, and each of them, and those

parties acting in concert or participating with them, from using any more marks confusingly similar to the Marks in connection with the advertising or sale of their services;

(b) an accounting of profits Defendants have wrongfully obtained from their use of the Marks, 15 U.S.C. § 1117(a);

(c) compensatory damages, treble damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a) and (b);

(d) statutory damages between $1,000 and $200,000 per counterfeit mark, and up to $2,000,000 per counterfeit mark for willful use, U.S.C. § 1117(a); and

(e) such other relief as this Court deems proper.

## COUNT III

### STATUTORY INFRINGEMENT OF SERVICE MARKS
### (15 U.S.C. § 1125)

**(ALL DEFENDANTS)**

28. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 21 of this Complaint as if fully set forth herein.

29. This is an action for false designation of origin in violation of 15 U.S.C. § 1125(a). Defendants' use of the Marks constitutes a false designation of origin and/or false description or representation, which is likely to deceive consumers and prospective customers into believing that the Defendants' services originate from, or are licensed by, sanctioned by, sponsored by, or in some way affiliated with Plaintiff in violation of 15 U.S.C. § 1125(a).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for the following:

(a) a temporary and permanent injunction enjoining Defendants, their officers, servants, agents, employees, attorneys and representatives, and each of them, and those parties

acting in concert or participating with them, from using any more marks confusingly similar to the Marks in connection with the advertising or sale of their services;

    (b)    an accounting of profits Defendants have wrongfully obtained from their use of the Marks, 15 U.S.C. § 1117(a);

    (c)    compensatory damages, costs, and attorneys' fees, 15 U.S.C. § 1117(a); and

    (d)    such other relief as this Court deems proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: August 25, 2015

Respectfully submitted,

By: s/ Moish E. Peltz
Steven I. Peretz (Fla. Bar No. 329037)
Moish E. Peltz (Fla. Bar No. 99611)
PERETZ CHESAL & HERRMANN, PL
2 S. Biscayne Blvd., Suite 3700
Miami, Florida 33131
Tel: 305-341-3000
Fax: 305-371-6807
speretz@pch-iplaw.com
mpeltz@pch-iplaw.com

*Counsel for Plaintiff Vantage Hospitality Group, Inc., a Florida corporation*